| | |
|---|---|
| **YVETTE JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5977** |
| **REBEKAH GEE, ET AL.** | **SECTION: "B"(5)** |

## ORDER AND REASONS

For the reasons discussed below,

**IT IS ORDERED** that defendants' opposed motions to dismiss for lack of subject matter jurisdiction at Rec. Docs. 33, 34, & 39 are **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that defendants' motions to dismiss for failure to state a claim are **DENIED** at Rec. Docs. 33, 34, & 39;

IT IS **FURTHER ORDERED** that defendants' motion for a more definite statement pursuant to 12(b)(4) at Rec. Docs. 33 & 39 are **GRANTED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Yvette Jones filed the current action in Federal Court on June 15, 2018 against defendants: (1) the LDH; (2) Rochelle Dunham-Head, individually and in her capacity as Executive and Medical Director of MHSD; (3) Donna Francis, in her individual capacity and in her official capacity as Director of Developmental Disability Services; and (4) and Secretary Rebekah Gee. Rec. Doc. 1. On November 23, 2018, this Court issued an order permitting plaintiff

1

to amend her complaint to include additional parties, namely Melanie Williams.[1] In plaintiff's amended complaint, she asserts several causes of action against several defendants in a sixty-one (61) page complaint, consisting of 239 paragraphs. *See* Rec. Doc. 7.

At the time plaintiff filed her amended complaint, plaintiff Yvette Jones was 56 years old and had worked as a case manager for MHSD for approximately twenty-four (24) years. Rec. Doc. 7 at ¶ 8. Plaintiff alleges that she was an employee of MHSD located at 3100 General De Gaulle Drive, New Orleans, Louisiana 70114, from 2008 until plaintiff's resignation in January of 2018. *Id*. at ¶¶ 9, 54. MHSD is a Louisiana Political subdivision that was created by Louisiana Revised Statute 28:912, which offers mental health and addiction services. LA. REV. STAT. 28:912. All employees of MHSD are members of the state civil service system. LA. REV. STAT. 28:916(D).

At the base of the claims levied against defendants, plaintiff alleges that defendant Donna Francis headbutted her on March 1, 2012. Rec. Doc. 7 at ¶ 24. Plaintiff contends that during plaintiff's employment at MHSD, she was harassed, discriminated against, and "constructively terminated" in response to the alleged head butting by her supervisor, defendant Donna Francis. *Id*. Plaintiff alleges that she filed a police report with the New Orleans Police Department

---

[1] Plaintiff neglects to note whether defendant Williams was sued in her individual or official capacity. Rec. Doc. 7.

("NOPD"), who refused to investigate the incident.[2] *Id*. at ¶ 26. Plaintiff also states that she has filed claims with the Equal Employment Opportunity Commission ("EEOC") dated in 2012 and January 2018 and has been issued right to sue letters dated March 19, 2018, and June 2018, by the EEOC. *Id*. at ¶¶ 6-7.[3]

After the March 12, 2012 head butting incident, plaintiff alleges "MHSD agents and supervisors": (1) denied that a battery occurred; (2) failed to open workers compensation claims; (3) created negative entries in plaintiff's human resources file; (4) over assigned work to plaintiff; and (5) denied plaintiff promotions "for which she was duly qualified." *Id*. at ¶ 30. Plaintiff's alleged mistreatment at MHSD forms the basis of her claims against the named defendants. The complaint is then inundated with a long-winded factual account of the circumstances of her employment after the alleged headbutting and lists several causes of action. *See generally id*.

Plaintiff alleges a workplace discrimination claim pursuant to the Louisiana Employment Discrimination Law ("LEDL") and a retaliation claim under Title VII, stemming from the alleged battery incident that took place on March 1, 2012. *Id*. Plaintiff also alleges

---

[2] Plaintiff has also alleged that Judge Calvin Johnson, listed as "former Executive Director" used his connections to "impede, interfere, and to stop the NOPD investigation into the battery." Rec. Doc. 7 at ¶ 27. Judge Calvin Johnson is not named as a defendant in this matter. *See id*.

[3] After listing the EEOC charges, plaintiff then refers to those EEOC charges throughout the complaint; however, she fails to consistently differentiate between the charges by name, date, or description, for the remainder of the complaint.

that defendant MHSD prevented a Worker's Compensation case from being opened. *Id*. at ¶ 76. Plaintiff further alleges that due to the "intra-racial hatred and abuse of power" that she suffered "severe chronic headaches following the battery," "chronic pain and fatigue," and "neck pain." *Id*. at ¶¶ 180, 181, 181 c., 181 f.

Defendants have filed Motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), or in the alternative for a Motion for a more definite statement under Federal Rule of Civil Procedure 12(e). Plaintiff has filed oppositions to the motions (Rec. Docs. 36 & 40); however, those oppositions cite no persuasive case law or analysis in response to defendant's contentions in their motions to dismiss. Plaintiff's responses in opposition basically refer us to the standards for reviewing each motion and contain a request that the motions be denied. (Rec. Docs. 36 & 40).

### Defendants Contentions

### LDH & Secretary Rebekah Gee

Defendants LDH and Secretary Rebekah Gee move for dismissal of all claims asserted by plaintiff Yvette Jones, pursuant to Federal Rule of Civil procedure 12(b)(1) and 12(b)(6).

First, defendants contend that plaintiff's first amended complaint (Rec. Doc. 7) contains "voluminous factual allegations regarding [plaintiff's] employment with the [MHSD] and [makes] conclusory claims against various named defendants." Rec. Doc. 33 at 1. However, despite the numerous factual allegations, Secretary

Rebekah Gee is mentioned only once in the caption of the complaint. *Id.* at 1; *see also* Rec. Doc. 7 at 1. Defendants aver that the only factual allegation pertaining to Rebekah Gee is that the LDH "oversees and provides funding to individual mental health districts . . ." Rec. Doc. 33 at 1; *see* Rec. Doc. 7 at 2. Defendants contend that although the State of Louisiana provides funding to the mental health districts, those districts are separate and distinct entities and plaintiff is not entitled to bring suit under 42 U.S.C. § 1983 against the LDH and Secretary Rebekah Gee, as they are not persons within the meaning of the statute and are entitled to Eleventh Amendment immunity. Rec. Doc. 33 at 2.

Second, defendants contend that this Court lacks subject matter jurisdiction pertaining to plaintiff's state law claims regarding her "classified state employment." *Id.* at 2. Defendants contend that any claims regarding classified state employment are required to be brought before the Louisiana Civil Service Commission ("LCSC"). *Id.* at 2

Third, defendants contend that all of plaintiff's claims taking place before June 17, 2018, have prescribed. *Id.* Finally, defendants contend that to the extent plaintiff wishes to bring suit under Title VII, plaintiff has not met the requirement of naming defendants LDH or Secretary Rebekah Gee in her EEOC charge of discrimination, and notwithstanding plaintiff's failure to name defendants, the claims

against defendants LDH and Rebekah Gee "fail to state a cognizable claim of retaliation under Title VII.' *Id.*

### Melanie Williams, Rochelle Head-Dunham, and Donna Francis'[4]

Defendants Melanie Williams, Rochelle Dunham-Head, and Donna Francis request dismissal of all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative permit plaintiff to amend her complaint "to itemize the claims she asserts; itemize each cause of action as a separate count and to identify which defendants the count is asserted against" pursuant to Federal Rule of Civil procedure 12(E). Rec. Doc. 34 at 1.

Defendants contend that all claims within the exclusive jurisdiction of the LCSC should be dismissed with prejudice. Rec. Doc. 34-1 at 4. Defendants contend that the Civil Service Commission has exclusive jurisdiction to hear matters pertaining to promotion and appointment of a Civil Service Employee, constructive discharge, and wrongful termination such as the one asserted by plaintiff. *See id.* at 4-5.

Next, defendants contend that any claims within the exclusive jurisdiction of the Louisiana Workers Compensation Commission should be dismissed with prejudice. *Id.* Defendant asserts that because

---

[4] Defendant MHSD submitted a memorandum to join and adopt in defendants' Melanie Williams and Rochelle Dunham-Head's motion to dismiss or in the alternative for a more definite statement. They contend the same regarding plaintiff Yvette Jones' complaint.

plaintiff claims recovery of benefits and services traditionally provided by worker's compensation law, typically determined by an administrative agency, that those claims are "within the exclusive jurisdiction of the Louisiana Workers Compensation Commission." *Id*. at 6.

Next, defendants contend that plaintiffs 42 U.S.C. § 1983 retaliation claim has prescribed. *Id*. Specifically, defendants assert that plaintiff filed a "substantially identical" retaliation complaint in 2013. Rec. Doc. 34 at 2. Additionally, defendants aver that all tort causes of action arising prior to June 16, 2017 have also prescribed. *Id*. 8. Defendant states that plaintiff alleges, among other injuries, a 2009 denial of promotion and a battery which allegedly occurred on March 1, 2012. *Id*. Defendants assert that both particular incidents have prescribed, as their prescriptive period of one year has run. Furthermore, defendants state, accurately, that "it is unclear which, if any, of Plaintiff's claims fall outside the one-year prescription period[s]." *Id*.

Next, defendants contend that "Plaintiff's extensive allegations fail to state a plausible claim for which relief may be granted." *Id*. First, defendants note that "it is difficult to identify which claims are being asserted against which defendants, and further in which capacities the claims are being asserted against each of the named defendants. *Id*. at 9. Second, defendants state that plaintiff's complaint "lack[s] . . . a coherent, concise

timeline of events, with relevant dates and the names of parties who are alleged to be defendant perpetrators . . ." *Id.* Third, defendant notes that plaintiff's complaint references multiple EEOC complaints but fails to clearly differentiate between the complaints by name or date. *Id.* at 10. Fourth, plaintiff fails to clearly identify perpetrators in alleged abusive situations and lists them merely as "MHSD agents and supervisors." *Id.*

Next, defendant contends that plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983. *Id.* at 11. Specifically, plaintiff fails to allege sufficient factual circumstances to support any conspiratorial activities in which the defendants may or may not have engaged. *See id.* at 12-13. Defendant claims that the plaintiff's amended complaint is "both over and under inclusive," and "contains ample material that is not associated with an element of any claim of Plaintiff that is cognizable . . . yet also contains insufficient factual content to support claims that Plaintiff asserts . . ." *Id.* at 14.

Finally, defendants contend that to the extent that their motion to dismiss for failure to state a claim is not granted, plaintiff should be required to provide a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Id.* at 14. Specifically, defendants claim, "Plaintiff should be required to itemize each cause of action as a separate count and to identify which defendants the count is asserted against," because plaintiff's

complaint is "defective and lacks details necessary to answer the petition." *Id*. at 15.

**Plaintiff's Contentions**

Plaintiff Yvette Jones, in both responses to defendants' Motions (Rec. Docs. 36 & 40), fails to provide any contentions by way of cites to caselaw or analysis thereof. Plaintiff contends, in her factual background and basis, that the State of Louisiana is involved in this matter because of "the loosely crafted establishment of respective Districts throughout the state" and "up until [plaintiff's] constructive termination paid [plaintiff's] salary, (sic) and maintained group health insurance benefits and is the administrator of her retirement and worker's compensation throughout her employment." Rec. Doc. 36 at 3. Plaintiff asserts that "[plaintiff], for all respects could best be described as a state employee, and a metropolitan employee. *Id*.

Thereafter, plaintiff simply cites the standard for a motion to dismiss under Federal Rules of Civil procedure 12(b)(6) and states "Plaintiff's complaint, though artfully drafted, sets forth sufficient facts and allegations that the Defendants' Motion to Dismiss must be denied." *Id*. at 4. Next, plaintiff once again cites the standard for dismissal under Federal Rule of Civil Procedure 12(b)(1) and states "Should the court feel that the plaintiff has not explicitly pled the basis for subject matter jurisdiction, then

it is respectfully requested that (sic) proper remedy is not dismissal, but rather to amend her complaint." *Id.* at 5.

Finally, plaintiff cites the standard for a motion for a more definite statement pursuant to FRCP 12(e) and states that "the entire complaint was filed by Plaintiff in proper person and the Plaintiff was only recently represented by undersigned counsel." *Id.* Plaintiff then contends that she has plead sufficient facts for defendants to formulate a response or in the alternative, "the court should include the opportunity for the plaintiff to file an amended complaint setting for sufficient allegations . . ." *Id.* at 6.

## LAW AND ANALYSIS

### Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *See Orleans Shoring, LLC v. Patterson*, 2011 U.S. Dist. LEXIS 36105, at *6 (E.D. La. 2011). "Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims." *Buck Kreihs Co. v. Ace Fire Underwriters Ins. Co.*, 2004 U.S. Dist. LEXIS 12442, at *6 (E.D. La. 2004). Therefore, federal courts must dismiss lawsuits whenever it appears that subject matter jurisdiction is lacking. *See Buck Kreihs Co.*, 2004 U.S. Dist. LEXIS 12442, at *7.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for lack of subject matter jurisdiction. "A 12(b)(1) motion may be appropriate . . . where a

defendant alleges that there is no diversity of citizenship between the parties, jurisdictional amount, and/or the plaintiff's claim does not involve a federal question." *Id*. at *6. "A federal court cannot adjudicate a case without proper subject matter jurisdiction." *Pilgrim Bank v. Imperial Fire & Cas. Ins. Co.*, 2006 U.S. Dist. LEXIS 29299, at *5 (W.D. La. 2006).

When deciding whether subject matter jurisdiction is lacking" a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Buck Kreihs Co.*, 2004 U.S. Dist. LEXIS 12442, at *6. All uncontroverted allegations of the complaint must be accepted as true. *See id*. "The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists." *Lipscomb v. Zurich Am. Ins. Co.*, 2012 U.S. Dist. LEXIS 72955, at *3 (E.D. La. 2012).

Defendants contend that several of plaintiff's claims should be dismissed, with prejudice, for lack of subject matter jurisdiction. *See* Rec. Docs. 34, 33, 39. Specifically, defendants assert that this Court does not have subject matter jurisdiction over plaintiff's claims in which the LCSC has exclusive jurisdiction, as well as claims to plaintiff's entitlement to workers compensation. Rec. Docs. 34-1 at 4, 33-1 at 3, and 39-1 at 2.

### a. **Claims within the exclusive jurisdiction of the LCSC**

Defendants contend that plaintiff's claims for "front pay, back pay, merit increases, promotions and/or termination . . . fall within the jurisdiction of the [LCSC]." Rec. Doc. 33-1; see also 34-1 at 4-5. The LCSC is granted "broad rule-making powers for the administration and regulation of classified service to the Civil Service Commission. Included among these powers is the authority to adopt rules for regulating employment, promotion, demotion, and other personnel matters and transactions." *Barenis v. Gerace*, 357 So. 2d 892, 893 (La. Ct. App. 3 Cir. 1978) (citing L.A. Const. art. X, § 10(A)(1)). Further, Article X, section 8 of the Louisiana Constitution "establishes a right of appeal for permanent status employees 'to the appropriate commission" and article X, section 12 states "each commission shall have *exclusive jurisdiction* in removal and disciplinary cases." *Id.* (emphasis added)

Federal courts analyzing Louisiana law have held that the LCSC has exclusive jurisdiction over employment related Civil Service employer-employee disputes. *See LeBeouf v. Manning*, No. 12-2583, 2015 WL 3650797, at *15 (E.D. La. June 11, 2015); *Pike v. Office of Alcohol & Tobacco Control of the La. Dep't of Revenue*, 157 F. Supp. 3d 523, 540 (M.D. La. 2015); *see also Eberhardt v. Levasseur*, 630 So. 2d 844, 846 (La. App. 4 Cir. 1993)("[T]he [LCSC] has exclusive jurisdiction over classified Civil Service employer-employee disputes that are employment related."). However, in *Pike v. Office*

of Alcohol & Tobacco Control of the La. Dep't of Revenue ("ATC"), the Middle District of Louisiana held that the LCSC cannot award "general tort damages" to a plaintiff and therefore a plaintiff's state law tort claims are within the jurisdiction of federal district courts. *Pike v. ATC*, 157 F. Supp. 3d 523, 541 (M.D. La. 2015); *see also Edmonds v. New Orleans City*, No. 16-298, 2017 WL 2671690, at *4 (E.D. La. June 20, 2017). In *Pike*, the district court found that it had jurisdiction over a plaintiff's "state law claims for loss of enjoyment, loss of reputation, lost wages and benefits, and mental anguish and emotional distress" due to the LCSC's lack of authority to provide general tort damages, while dismissing plaintiff's state law termination claims based on disability discrimination for "back pay, reinstatement at the same or similar pay and benefits, or alternatively, reinstatement with front pay and restoration of full seniority rights and benefits" because those claims were under the exclusive jurisdiction of the LCSC. *Pike*, 157 F. Supp. 3d 523 at 541-42.

Here, plaintiff is a member of the state civil service system, as she has admitted that she was employed by MHSD in her complaint. Rec. Doc. 7 at ¶ 9. All employees of MHSD are members of the state civil service system. LA. REV. STAT. § 28:916. Therefore, any wrongful termination claims that plaintiff alleges should be dismissed for failure to exhaust state law remedies through the LCSC; however, any claims that concern general tort damages may be heard by this court,

provided they meet requirements for other types of federal subject matter jurisdiction.

Plaintiff claims entitlement and several types of relief. However, her presentment is rambling and confusing. We cannot discern the factual support for each legal claim and vice-versa. Plaintiff claims:

(1) general and punitive damages against defendants Rochelle Dunham-Head, Donna Francis, and Melanie Williams, as well as attorney fees; (2)

(2) an injunction against MHSD from terminating her "vested property right in [her] employment" and that she "retire with all benefits . . . and all unused sick and annual leave. . .";

(3) Declaratory judgment that "[her] leave be determined to be a work based injury necessitating coverage under Workmen's Compensation";

(4) Reimbursement for medical expenses;

(5) All allegedly false disciplinary documents be removed from her employment file;

(6) Reimbursement for educational expenses;

(7) Reinstatement with promotion, and front pay;

(8) "A permanent Injunction restraining [defendant] Donna Francis from initiating contact with me directly, or through third persons"

(9) That all defendants be found "joint and solidary obligors"

(10) Damages for pain and suffering due to "intentional infliction of emotional abuse, toxic work environment, harassment, battery, and all other continuous retaliatory behavior;

(11) Special damages due to MHSD's failure to take action to prevent retaliatory conduct;

(12) Exemplary damages from MHSD; and a declaratory judgment that MHSD and Jefferson Parish Human Services Authority are State Agencies under direct control and oversight of the Louisiana Department for Health and Human Services.

Plaintiff's claims for: (1) an injunction against her termination with MHSD; (2) disciplinary documents to be removed form her employment file; (3) reinstatement to her position or more senior positions; and (4) back pay or front pay, are not within the jurisdiction of this Court. *See Pike*, 157 F. Supp. 3d 523 at 541-42. Those claims stemming from her wrongful termination, and any claim for relief stemming from the same are under the exclusive jurisdiction of the LCSC and should be dismissed from this case. The remaining claims are be subject to this Court's order concerning defendants' motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(b)(4).

### b. <u>Louisiana Workers Compensation Claims</u>

Louisiana Revised Statute § 23:1310.3 states in pertinent part:

Except as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), the workers' compensation judge shall be vested with *original, exclusive jurisdiction* over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning *entitlement to workers' compensation benefits, payment for medical treatment, or attorney fees* arising out of an injury subject to this Chapter.

La. Rev. Stat. § 23:1310.3.

Plaintiff alleges that defendant MHSD "prevented a Workers' Compensation case from being open[ed], and all of Complainant (sic) medical bills went on her personal medical insurance, and she still has unresolved injuries and medical bills from the treatment she received." Rec. Doc. 7 at ¶ 76. However, the only allegation made regarding how defendant MHSD prevented the claim is that: "The office in Baton Rouge notified [plaintiff] that because R. Andrews' (sic) and the witness' [Donna Francis] provided conflicting accounts [of the alleged headbutting] that Complainant's injury would not be covered as a work covered injury." Rec. Doc. 7 at ¶ 45. Plaintiff makes no mention of whether the "office in Baton Rouge" refers to the Workers Compensation Commission, an LDH Office located in Baton Rouge, or a Baton Rouge Office of MHSD. *See generally id*. Plaintiff goes on to request that "[plaintiff's] leave be determined to be a work-based injury necessitating coverage under Workmen's Compensation and that Annual and Sick leave be returned to [plaintiff's] leave balances, and that all claims, copays, medications, and doctors and specialists visits related to said treatment be awarded to plaintiff. *Id*. at p. 54 c.

As stated above, Article 23:1320.3 of the Louisiana Revised Statutes states that claims "concerning entitlement to workers' compensation benefits, payment for medical treatments, or attorney fees arising out of an injury" are within the exclusive jurisdiction of the workers' compensation judge. La. Rev. Stat. § 23:1310.3. There

is apparently no federal jurisdiction over a state workers compensation claim. *Stewart Interior Contractors, LLC v. Bergeron*, No. 08-948, 2010 WL 1930694, at *3 (E.D. La. May 11, 2010)("Under Louisiana law, district courts have been *divested of jurisdiction to hear worker's compensation matters* where the law provides that the matter is to be governed by administrative agency determinations.")(emphasis added) Therefore, to the extent that plaintiff claims any benefits, reimbursement, or determination that her injury is considered a "work based injury necessitating coverage under Workmen's Compensation" are not properly before this court and should be dismissed.

### c. Eleventh Amendment Immunity of Defendants LDH and Secretary Rebekah Gee in Her Official Capacity

Defendants LDH and Secretary Rebekah Gee contend that the Eleventh Amendment to the United States Constitution bars plaintiff's claims against them and warrants dismissal. Rec. Doc. 33-1 at 2. Specifically, defendants aver that the Eleventh Amendment prohibits suits seeking monetary relief against the State and its agencies in federal court. R.D. 33-1 at 2.

The Eleventh Amendment bars suits against the state and its agencies, for deprivation of civil liberties, unless the State has waived its immunity, or congress has expressly abrogated it. *Raj v. Louisiana State University*, 714 F.3d 322, 328 (5th Cir. 2013); *see*

*also Montgomery-Smith v. Louisiana Department of Health and Hospitals*, 299 F. Supp. 3d 790, 807 (E.D. La. March 2, 2018).[5] Louisiana has expressly declined to waive the immunity afforded to it by the Eleventh Amendment. *See Raj*, 714 F.3d at 328 (citing La. Rev. Stat. § 13:5106(A). However, the Eleventh Amendment does not bar suit against the state, and its agencies, for injunctive or declaratory relief against state officials acting in violation of federal law. *Raj*, 714 F. 3d at 328. This exception is known as the *Ex Parte Young* exception, and to be applicable, a plaintiff must name "individual state officials as defendants in their official capacities." *Id.* (citing *Kentucky v. Graham*, 473 U.S. 19, 169 n. 18 (1985).

However, with respect to Title VII, the Fifth Circuit notes that that Congress has "'authorized federal courts to award money damages in favor of a private individual against a state government found to have subjected that person to employment discrimination on the basis of race, color, religion, sex, or national origin.'" *Ussery v. State of La. On behalf of La. Dep't of Health and Hosp.*, 150 F. 3d 431, at 434 (5th Cir. 1998)(quoting *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447 (1976)). In *Ussery*, the Fifth Circuit held that "Congress made its intent to abrogate the States' Eleventh Amendment Immunity unmistakably clear when it amended Title VII's definition

---

[5] "For the purpose of sovereign immunity, [the LDH], a Louisiana state agency, is considered an 'arm of the state' and, therefore protected by the eleventh amendment."

of "person" to include governments, governmental agencies, and political subdivisions, and simultaneously amended the definition of employee to include individuals 'subject to the civil service laws of the State government, governmental agency, or political subdivision." *Id*. at 435 (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 449 n. 2 (1976); 42 U.S.C. §§ 2000e(a) & 2000e(f)).

Plaintiff has failed to meet the *Ex Parte Young* exception in this case, and as such, most claims against defendants LDH and Secretary Rebekah Gee should be dismissed, except for any Title VII claims levied against them. *See Ussery*, 150 F. 3d at 434-35. The Eastern District of Louisiana has noted that the LDH is "'considered an arm of the state' and, therefore, protected by the Eleventh Amendment" from suit. *See Montgomery-Smith v. Louisiana Department of Health and Hospitals*, 299 F. Supp. 3d 790, 807 (E.D. La. March 2, 2018). Plaintiff's complaint names as defendants the LDH and Secretary Rebekah Gee.[6] Rec. Doc. 7 at ¶ 2 a. Defendants' status as an "arm of the state" and state official, respectively, entitle defendants to Eleventh Amendment immunity from all claims levied by plaintiff. Furthermore, the damages and relief sought by plaintiff against the LDH and Secretary Rebekah Gee are unclear and likely do not fall within the exception noted in *Ex Parte Young*.

---

[6] Rebekah Gee is the current Secretary of the Louisiana Department of Health. LOUISIANA DEPARTMENT OF HEALTH, http://ldh.la.gov/index.cfm/subhome/4.

It appears that the only request for relief that could possibly be attributed to LDH is stated as: "[Metropolitan Health Services District] be enjoined from taking any action to terminate [plaintiff's] vested property right in [plaintiff's] employment and years of service and that upon judgment, she be allowed to retire with all benefits intact and all unused sick and annual leave retained." Rec. Doc. 7 p. 54 ¶ b). First, the requested relief does not request said relief from either the LDH or Secretary Rebekah Gee. Second, although the request is for injunctive relief, that claim relates to plaintiff's employment and is within the exclusive jurisdiction of the LCSC. *Supra* at IV. A. i. Furthermore, Secretary Rebekah Gee is merely named in the caption of the complaint and then never mentioned within the body of the complaint itself. *See id*. at p. 53 ¶ b.

Absent facts or law for applicable exceptions to defendants' claims of Eleventh Amendment immunity, including under *Ex Parte Young*, plaintiff's claims, except those concerning Title VII, against defendants LDH and Rebekah Gee should be dismissed as barred under the Eleventh Amendment.

### Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) states in pertinent part:

"A Party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made

before the filing of a responsive pleading and must point
out the defects complained of and the details desired."

When evaluating a motion for a more definite statement, courts must look to Federal Rule of Civil Procedure 8 for the minimal pleading requirements when analyzing the complaint. *Babock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. June 8, 2006). Federal Rule of Civil Procedure 8 provides, "A pleading which sets forth a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. Proc. 8(a). Federal Rule of Civil Procedure 9(f) should be read in conjunction with rule 8(a), and states, "An allegation of time and place is material when testing the sufficiency of a pleading." Fed. R. Civ. Proc. 9(f); *see also Babock & Wilcox*, 235 F.R.D. at 633. However, specific pleading of time and place is not required. *See Babock & Wilcox Co.*, 235 F.R.D. at 633.

It should be noted that a Rule 12(e) motion for a more definite statement is typically disfavored. *Id*. "In view of the great liberality of [Fed. R. Civ. Proc. 8], permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell v. E-Z Way Towers. Inc.*, 269 F. 2d 126, 132 (5th Cir. 1959). Further, whether extensive discovery is

available is another factor in determining whether a 12(e) motion is appropriate. *Babcock & Wilcox Co.*, 235 F.R.D. at 633. For instance, when the information sought by the movant may be obtained by discovery, a 12(e) motion is inappropriate. *Id.*

Here, plaintiff's claim does not adhere to Federal Rule of Civil Procedure 8(a). No part of this sixty-one (61) page complaint constitutes a short and plain statement of redressable claims. Fed. R. Civ. P. 8(a); *see also* Rec. Doc. 7. The complaint attempts to allege several causes of action against several defendants, but importantly, and in many instances, does not point to specific defendants for specific claims for relief.[7] *See* Rec. Doc. 7. Further, plaintiff's complaint is in narrative form and includes several irrelevant facts regarding her claim.[8] Here, defendants will likely be unable to adequately and properly defend themselves against certain claims, because it is not clear whether the claims are being asserted against them or another defendant. *Id.*

In lieu of granting defendants' motions to dismiss for failure to state a claim, plaintiff will be allowed to file a more definite statement of her remaining claims pursuant to Rule 12(e). Due to the

---

[7] As an example, plaintiff references several EEOC complaints throughout the complaint, but often fails to differentiate the different EEOC complaints by name or date. This causes confusion in properly determining whether claims have prescribed, who the EEOC charges are levied against, and what specifically the EEOC charges are in reference to regarding defendants' conduct.

[8] As an example, plaintiff alleges that Judge Calvin Johnson, who is unnamed as a defendant in this matter, used his "connections and influence" to impede the New Orleans Police Department's investigation into the battery that was allegedly committed by defendant Donna Francis. Rec. Doc. 11.

inability of the Court to properly assess plaintiff's claim under the standard for motions to dismiss pursuant to 12(b)(6), this Court will refrain from dismissing plaintiff's claim until a more definite statement is filed.

In summary,

(1) Defendants' motion to dismiss at Rec. Doc. 33 is **GRANTED** with respect to all claims against defendants LDH and Secretary Rebekah Gee, with the exception of claims pursuant to Title VII;

(2) Defendants Melanie Williams', Donna Francis', and Rochelle Head-Dunham's 12(b)(1) and 12(b)(6) motion to dismiss at Rec. Doc. 34 is **GRANTED IN PART** with respect to claims falling within the exclusive jurisdiction of the Louisiana Civil Service Commission and Louisiana Workers' Compensation Commission;

(3) Defendants Melanie Williams', Donna Francis', and Rochelle Head-Dunham's 12(b)1 and 12(b)(6) motion to dismiss at Rec. Doc. 34 be **DENIED IN PART** with respect to plaintiff's remaining claims for retaliation under Title VII; and

**IT IS FURTHER ORDERED** that defendants Melanie Williams', Donna Francis', and Rochelle Head-Dunham's 12(e) motion for a more definite statement at Rec. Doc. 34 be **GRANTED** by requiring plaintiff to seek leave to amend her complaint to rectify the deficiencies noted herein. The amended complaint should: (1) concisely set forth plaintiff's remaining causes of action in no more than twenty-five (25) pages; (2) make clear what claims support each cause of action;

(3) organize all requests for relief and damages in an orderly and non-repetitive fashion. The amended complaint shall supersede the original complaint and only include claims that were not dismissed, over which federal jurisdiction exists. The amended complaint must be filed within fourteen (14) days from the entry of this order and reasons.

New Orleans, Louisiana this 4th day of February, 2020

_____

SENIOR UNITED STATES DISTRICT JUDGE