UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YVETTE JONES | CIVIL ACTION |
| VERSUS | NUMBER: 18-5977 |
| REBEKAH GEE, ET AL | SECTION: "B"(5) |

### ORDER AND REASONS

**IT IS ORDERED** that plaintiff's opposed motions for reconsideration and to set aside judgment are **DENIED**. Rec. Docs. 67, 68.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her initial complaint on June 15, 2018 alleging abusive, criminal, and discriminatory conduct by her superiors at the Metropolitan Human Services District ("MHSD"). See generally Rec. Doc. 1. MHSD, a Louisiana state agency, provides counseling and support for patients suffering from addictive disorders and other mental health problems. It was created by Louisiana Revised Statute 28:912. All employees of MHSD are members of the state civil service system. La. Rev. Stat. 28:916(D). In response to plaintiff's March 5, 2018 charge of discrimination that alleged discriminatory conduct occurring in September 2017, the EEOC issued a right to sue notice dated March 19, 2018. Rec. Doc. 1-3. Named original defendants included: (1) the Louisiana Department of Health ("LDH"); (2) Rochelle Head-Dunham ("Head-Dunham"), individually and in her capacity as Executive and Medical Director of the Metropolitan Human Services District ("MHSD"); (3) Donna Francis ("Francis"), in her individual capacity and in her official capacity as Director of Developmental Disability Services; and (4) Secretary Rebekah Gee.

Rec. Doc. 1 at 2. On November 23, 2018, plaintiff amended her complaint to add Melanie Williams ("Williams") as a defendant. Rec. Doc. 7.

Defendants filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), or in the alternative a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). F.R.C.P. 12(b). Rec. Docs. 33, 34. On February 5, 2020, an Order and Reasons issued that: (1) granted dismissal of all claims against defendants LDH and Rebekah Gee, with the exception of Title VII claims; (2) granted dismissal in part claims against defendants Williams's, Francis and Head-Dunham pursuant to 12(b)(1) and 12(b)(6), due to the exclusive jurisdiction of the Louisiana Civil Service Commission and Louisiana Workers' Compensation Commission; (3) denied in part defendants Williams's, Francis's, and Head-Dunham's 12(b)(1) and (12)(b)(6) motion to dismiss plaintiff's remaining claims for retaliation under Title VII; and (4) granted defendants Williams's, Francis's, and Head-Dunham's 12(e) motion for a more definite statement; and, thereby "requiring plaintiff to seek leave to amend her complaint to rectify the deficiencies noted herein." Rec. Doc. 45.

With leave of court, plaintiff filed a "Second Supplemental, Amending and Superseding Complaint" on April 1, 2020. Rec. Doc. 48. That complaint only named MHSD as a party defendant. Id. at ¶ 2. It also realleged claims for battery, workplace discrimination, violation of Title VII of the Civil Rights Act and the Louisiana Employment Discrimination Law, and intentional or negligent infliction of emotional distress. Id. at ¶¶ 15-16.

On April 15, 2020, MHSD filed a motion to dismiss under Federal Rule of Civil Procedure (12)(b)(1) and 12(b)(6) and, in the alternative, another motion for a more definite statement under rule 12(e). Rec. Doc. 55. The motions were noticed for a submission date of May 13, 2020. Rec. Doc. 55-3. By local court rule, plaintiff's response memorandum in opposition was due for filing

2

no later than eight days before the noticed submission date. LR 7.5. May 5, 2020 was the due date for plaintiff's response per operation of that rule. MHSD alleged that plaintiff's second amended complaint contained the same deficiencies as the first amended complaint, namely that it failed to "clearly [identify] the claims she asserts, provide a relevant timeline, along with [failing to identify] the parties who committed the offending conducted alleged," and "again plainly alleging claims that are not within the jurisdiction of this Court." Id. at 1. MHSD further argued that claims based on 42 U.S.C. § 1983, federal discrimination and state-based laws should be dismissed because a substantially identical complaint was dismissed in 2013[1], and are prescribed under applicable prescriptive periods. Id. at 9-11. Additionally, defendants argue the second amended complaint fails to satisfy pleading standards of Federal Rules of Civil Procedure 8 and 12. Id. at 2. MSHD's motion went unopposed.

On June 17, 2020, MHSD's motion to dismiss was granted, dismissing the entire complaint. Rec. Doc. 66. The written reasons cited plaintiff's failure to file either an opposition memorandum as directed to MHSD's motion to dismiss (Rec. Doc. 55) within the time required by Local Rule 7.5, or a motion to continue the noticed submission date, or a motion for extension of time to oppose the motion. Rec. Doc. 66. Moreover, as further reason for the dismissal order, the court found merit with the motion to dismiss. Id. Additionally, the order directed the filing of any motions for reconsideration within thirty days and required the motions to be accompanied by opposition memoranda to MHSD's underlying grounds for dismissal. Id. The record shows plaintiff timely filed the instant motions for reconsideration on the last day afforded for filing, July

---

[1] See Record Document 15, Notice of Dismissal, *Yvette Jones v. State of Louisiana, Dep't of Health and Hospitals; Metropolitan Human Services District (MHSD); Rose Andrews; Donna Francis; and Judge Calvin Johnson*, No. 13-00353 (E.D. La. 2013).

3

17, 2020. However, the record is devoid of any opposition memoranda that addresses the motions to dismiss as previously ordered. Rec. Doc. 67.

**LAW AND ANALYSIS**

A court may relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." F.R.C.P. 60(b)(1). Motions under F.R.C.P. 60(b) are determined at the sound discretion of the district court. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). "Gross carelessness, ignorance of the rules, or ignorance of the law" do not constitute excusable neglect and therefore are insufficient grounds for relief under F.R.C.P. 60(b)(1). *Edward H. Bohlin Co. v. Banning* Co., 6 F.3d 350, 357 (5th Cir. 1993).

Plaintiff failed to comply with the court directive to submit motions for reconsideration accompanied by memoranda that responds to defendant's motions to dismiss. (See Rec. Doc. 66 at 2). She supplied an affidavit by her counsel attesting to certain personal health issues that reportedly impacted her ability to respond to motions to dismiss. Rec. Doc. 66-2. While plaintiff's memorandum in support of reconsideration cites as basis an illness of her lead counsel, the memorandum does not address the grounds for dismissal cited in support of defendant's motions to dismiss (Rec. Doc. 55). Plaintiff never sought leave to address this deficiency, despite defendant's opposition to reconsideration that raises that deficiency. Rec. Doc. 68 at 1. Notably, after filing the second amended complaint on April 1, 2020 (Rec. Doc. 48), plaintiff filed seven summonses for issuance in April 2020. Rec. Docs. 50, 51, 52, 56, 57, 58, and 61. Plaintiff additionally prepared and filed a summons for issuance on May 20, 2020. Rec. Doc. 64.

4

Unusual or unique circumstances have not been shown in the record to justify reconsideration under F.R.C.P. 60(b)(1). Plaintiff's opposition to the motions to dismiss were due no later than May 5th, eight days prior to the May 13, 2020 noticed submission date. L.R. 7.5. Plaintiff contends that her failure to timely file the opposition was precipitated by "excusable neglect," to wit, plaintiff's counsel's sleep apnea.[2] Rec. Doc. 67-2. Counsel states by affidavit she was diagnosed with that condition based on testing that occurred on June 15, 2020. Id. She states severe exhaustion at the beginning of 2020 impacted her ability to respond on behalf of her client. Id. However, no medical corroboration has been offered for the latter conclusion. Moreover, there is no explanation how or why counsel's diminished ability to concentrate prevented her or associated counsel from filing an opposition or, alternatively, a motion to continue the submission date or for an extension of time to file, particularly when the record shows other filings by counsel.

We find unconvincing the contention for excusable neglect. The record does not show that plaintiff or her counsel's health prevented plaintiff from filing a continuance request, seek other counsel to do so, or have associate counsel file a response memorandum to the underlying motions to dismiss by either the original due date of May 5th or the second opportunity afforded in reconsideration by the due date of July 17, 2020. As previously shown, between filing of the motions to dismiss on April 15, 2020 and the filing of instant motion for reconsideration on July 17, 2020, plaintiff was able to prepare and file several documents during relevant time periods. Plaintiff herself is accountable for noted acts and omissions here. *See Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008); *see also Halicki v. Louisiana Casino*

---

[2] In a pleading filed in the dismissed 2013 case, discussed earlier, this same plaintiff also asserted as basis in response to a dismissal recommendation "the health of the plaintiff". Rec. Doc. 13 at p. 1, *Jones v. MHSD, et al,* Civ. No. 13-00353 (E.D. of La. 2013).

*Cruises, Inc.*, 151 F.3d 465 (5th Cir. 1998) (finding counsel's failure to timely file a notice of appeal was not excusable neglect).

The underlying motions to dismiss are again found to have merit. For instance, plaintiff claims for recognition of coverage under worker's compensation law are not subject to review in federal court. *Stewart Interior Contractors, LLC v. Bergeron*, No. 08-948, 2010 WL 1930694, at *3 (E.D. La. May 11, 2010) ("Under Louisiana law, district courts have been divested of jurisdiction to hear worker's compensation matters where the law provides the matter is to be governed by administrative agency determinations."); absent facts or law for applicable exceptions to defendant's entitlement to Eleventh Amendment immunity, including under *Ex Parte Young*, plaintiff's claims against MHSD, an arm of the state, are barred. *Raj v. Louisiana State University*, 714 F.3d 322, 328 (5th Cir. 2013); *see also Montgomery-Smith v. Louisiana Department of Health and Hospitals,* 299 F. Supp. 3d 790, 807 (E.D. La. March 2, 2018);[3] claims of employment discrimination under 42 U.S.C. s 1983 were time-barred by the one-year limitations period of La. Civ. Code, art. 3536. *Jones v. Orleans Par. Sch. Bd.*, 688 F.2d 342 (5th Cir. 1982); there remain unrefuted factual and legal support that showed the deadlines for filing certain Title VII and Age Discrimination in Employment Act claims expired prior to the 2018 commencement of this case where such claims were not timely filed with the EEOC within 180 days after the alleged unlawful practice occurred, barring suit brought under those laws. 29 U.S.C. § 626(d)(1); *McClinton v. Alabama By–Prods. Corp.*, 743 F.2d 1483, 1485 (11th Cir.1984) (*citing Templeton v. Western Union Tel. Co.,* 607 F.2d 89, 91 (5th Cir.1979) (per curiam)); also so time-barred are certain pendent state law claims for infliction of emotional distress that are based on

---

[3] "For the purpose of sovereign immunity, [MHSD], a Louisiana state agency, is considered an 'arm of the state' and, therefore protected by the Eleventh Amendment."

conduct occurring beyond Louisiana's one-year prescriptive La. Civ. Code art. 3492. As noted earlier, the claims again offer no factual support to state a plausible and timely claim. *Mitchell v. Snow*, 326 F. Appx. 852, 857 (5th Cir. 2009). While the second amended complaint states plaintiff is a 56 year old African American female and concluding "several acts of disparate treatment because of her age" occurred, and despite opportunity to do so, it again does not specify factual support, dates or time periods, and names for concluding those acts dealt with her age. Rec. Doc. 48. The March 2012 head butting is not alleged to be the result of age, sex or race discrimination. Id. The September 2017 assignment of more work than "similar managers" once again fails to allege their names, age, sex or race. Id.

New Orleans, Louisiana this 8th day of March 2021

_____
Senior United States District Judge